**Stephen P. KROLL, Individually and as Personal Representative of the Estate of Sonya P. Kroll, Decedent,**

v.

**UNITED STATES of America.**

Civ. No. PN–86–242.

United States District Court, D. Maryland.

Sept. 9, 1988.

———

Allan G. Slan, Shari L. Cohen, and Katz, Frome, Slan and Bleecker, P.A., Kensington, Md., for plaintiff.

Breckinridge L. Willcox, U.S. Atty., and Roann Nichols, Asst. U.S. Atty., for D. Md., for defendant.

MEMORANDUM

NIEMEYER, District Judge.

On March 25, 1983, Sonya Kroll, wife of plaintiff Stephen Kroll, was admitted through the emergency room to the coronary care unit of Bethesda Naval Hospital. Examination revealed chest pain and atrial fibrillation. She remained in the coronary care unit until her discharge on March 27, 1983. Later that same night she returned to the emergency room complaining of bladder pressure and abdominal pains. She was diagnosed as having a urinary tract infection and again sent home. Four days later, on March 31, 1983, she again returned to the emergency room of Bethesda Naval Hospital complaining of vomiting, apparently in reaction to the antibiotic which had been prescribed for her urinary tract infection. She was treated in the emergency room and released.

On the evening of April 3, 1983, Mrs. Kroll was taken by ambulance to the Potomac Hospital in Woodbridge, Virginia, complaining of dizziness, weakness, slurring of speech and pain in her abdomen. The emergency room physician, Dr. Jose Colina, recommended that she be admitted to the hospital. Since she had previously been treated at Bethesda Naval Hospital and all of her records were there, the plaintiff wished instead to have his wife returned to Bethesda Naval Hospital and admitted there. Dr. Colina called Bethesda Naval Hospital and advised the resident-in-charge of his diagnosis and recommended that Mrs. Kroll be transferred and admitted. She was then transferred to Bethesda Naval Hospital by ambulance.

When she arrived at Bethesda Naval Hospital, Mrs. Kroll was examined by the intern on duty in the emergency room, who diagnosed viral gastroenteritis and sent Mrs. Kroll home, without having asked for or obtained consultations from others. The plaintiff claims that Mrs. Kroll was in atrial fibrillation at the time. Within the next twenty-four hours Mrs. Kroll suffered a stroke and subsequently died on July 20, 1983.

Plaintiff filed suit against the United States of America under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* alleging professional malpractice by Bethesda Naval Hospital and its representatives. He contends that Bethesda Naval Hospital's failure to treat Mrs. Kroll's atrial fibrillation with anticoagulants caused her to suffer a stroke and ultimately die and that Bethesda Naval Hospital's failure to admit the decedent on April 3, 1983, caused her to lose a substantial possibility of survival.

Plaintiff's original complaint contained two counts: a survived action brought on behalf of the estate of Mrs. Kroll and a wrongful death action brought on his own behalf by virtue of Md.Cts. & Jud.Proc. Art. §§ 3–901 *et seq.* He now seeks to amend his complaint to include a count for "the loss of a substantial possibility of survival," or, alternatively, to include a claim for this loss as a part of his damages in the survival action.

Defendant has filed a motion for summary judgment on the grounds that plaintiff is unable, after the completion of discovery, to demonstrate sufficient facts to prove causation, an essential element of both counts. Defendant also opposes plaintiff's motion for leave to amend his complaint because (1) plaintiff is unable to establish the element of causation and (2) Maryland courts have not recognized the loss of a substantial possibility of survival.

At this time, the parties have completed discovery and are prepared to have the Court consider the motion to amend as if the issue had been fully presented on a motion for summary judgment. Consequently, both the wrongful death and the loss of a substantial possibility of survival will be considered on that basis.

## I. WRONGFUL DEATH CLAIM

Defendant contends in its motion for summary judgment on the wrongful death claim that plaintiff is unable to prove that any negligent act on the part of the defendant was the legal cause of Mrs. Kroll's death. In his papers in response, the plaintiff admitted that "At the present stage of the proceedings, no evidence has been adduced by any witness to suggest

that Defendant did or did not proximately cause Mrs. Kroll's death." Even though he suggests the possibility that somehow that evidence might be developed, he has been candid to admit that at this time he has no evidence on causation with regard to the wrongful death count.

When faced with a properly supported motion for summary judgment, the non-moving party bears the burden of coming forward following discovery with sufficient evidence to establish a *prima facie* case on each of the elements of his claim in order to establish that there is a genuine issue for trial. *Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Since discovery has been completed in this case, and no evidence has been forthcoming, this Court will grant defendant's motion for summary judgment on the wrongful death count.

## II. SUBSTANTIAL POSSIBILITY OF SURVIVAL

A claim that a substantial possibility of survival is destroyed was first described by the Fourth Circuit in *Hicks v. United States*, 368 F.2d 626 (1966), applying Virginia law. Judge Sobeloff, speaking for the Court, said:

> When a defendant's negligent action or inaction has effectively terminated a person's chance of survival, it does not lie in the defendant's mouth to raise conjectures as to the measure of the chances that he has put beyond the possibility of realization. If there was any substantial possibility of survival and the defendant has destroyed it, he is answerable.

*Id.* at 632.

Since that decision, the language of Judge Sobeloff has repeatedly formed the basis for instructing juries in Maryland cases. *See, e.g. Cooper v. Hartman*, 311 Md. 259, 533 A.2d 1294 (1987); and *Weimer v. Hetrick*, 309 Md. 536, 525 A.2d 643 (1987), reversing the decision of the Court of Special Appeals of Maryland, 67 Md. App. 522, 508 A.2d 522 (1986).

The Court of Special Appeals of Maryland in *Weimer* concluded that, if properly articulated, a tort for the loss of a substantial possibility of survival should have been submitted to the jury. The Court said:

> Appellants' theory of the case—that Dr. Weimer is liable if his negligent failure to ventilate Jason in a proper manner deprived the infant of a substantial possibility of surviving—is unquestionably a correct exposition of the law.

67 Md.App. at 542, 508 A.2d 522. On review by the Court of Appeals of Maryland, the Court observed that the theory had not been asserted as part of the survived actions under Cts. & Jud.Proc. Art. § 6–401 and Est. & Trusts Art. § 7–401(x) and, therefore, the Court would not consider it as part of that count. 309 Md. at 546, 525 A.2d 643. It also concluded that such a claim was impermissible under the wrongful death count, since the claim is inconsistent with a claim for wrongful death. Under a claim for wrongful death, the plaintiff must prove that death was proximately and wrongfully caused by the defendant. Under a claim for loss of a substantial possibility of survival, the plaintiff must prove, not that death was proximately caused, but that a loss of a substantial chance at living was destroyed. In the former, the end result of the tort is death; in the latter, the damage is the destruction of an opportunity to let good medical practices allow for a substantial possibility of survival or recovery. The court concluded that the issue had not been presented, thereby leaving open a definitive Maryland Court of Appeals decision on the subject.

Several months later in *Cooper v. Hartman*, 311 Md. 259, 533 A.2d 1294 (1987), the Court of Appeals again danced with the claim. It concluded that because the evidence was insufficient to support an instruction to the jury based on Judge Sobeloff's articulation in *Hicks*, "even assuming the doctrine exists in Maryland, we again decline to decide whether Maryland recognizes the doctrine." 311 Md. at 261, 533 A.2d 1294. However, it did allow for the possibility of allowing for a claim of a lost possibility as an element of damages. In its discussion, the court pointed out that the plaintiff had failed to show with reasonable specificity what the extent of the

lost chance was. It also admonished that Judge Sobeloff's language that a destruction of "any substantial *possibility*" of recovery or survival contradicted Maryland case law that damage had to be reasonably *probable* or reasonably certain. *See Pierce v. Johns–Manville Sales Corp.*, 296 Md. 656, 464 A.2d 1020 (1983). The court in *Cooper* thus observed that "proof as to future consequences must be in terms of probabilities (greater than 50% chance) and not possibilities (less than 50% chance)." 311 Md. at 259, 533 A.2d 1294. Since the trial court had used Judge Sobeloff's contrary language in its instructions to the jury, the decision was reversed.

When the Court of Appeals comes to define the nature of a claim for the loss of a substantial possibility of survival or recovery, this Court expects that it will reveal a definition of damage in which the plaintiff must show with reasonable probability that the malpractice caused a loss of an opportunity. The damage is to the opportunity. Judge McAuliffe, in his concurring opinion in *Weimer* was intent on pointing out that "a claim under that theory does not involve the creation of a new tort, but rather involves a redefinition of damages involved in the claim." 309 Md. at 556, 525 A.2d 643. His point is confirmed in *Cooper* where that court described what a proper instruction on such a claim would include.

The Fourth Circuit Court of Appeals in *Waffen v. United States*, 799 F.2d 911 (4th Cir.1986), when confronted with the question whether Maryland would recognize the tort said:

> We make explicit that under the law of this circuit, and in particular of the State of Maryland, the loss of a substantial chance of survival is a cognizable harm.

*Id.* at 917. That decision, however, was rendered without the benefit of the Maryland Court of Appeals' decisions in *Weimer* and *Cooper*. Moreover, the intermediate appellate decision in *Weimer*, which was later reversed, was one of the bases of its decision.

This Court concludes nevertheless that Maryland will recognize the claim presented as an element of damages in medical malpractice cases subject to the strictures described by the court in *Cooper*, i.e. that the chance of survival or recovery cannot be merely a "possibility" but must be a "probability."

■ Turning now to the record for purposes of determining whether it will withstand a motion for summary judgment under the principles described above, the Court must determine whether a reasonable jury could conclude that Mrs. Kroll in probability was wrongfully denied a substantial chance of survival. Plaintiff has produced more evidence in support of this claim than he was able to produce on the wrongful death claim.

Plaintiff has offered the testimony of Dr. Nicholas Fortuin, defendant's expert, who admitted the following in his deposition: maintaining a normal sinus rhythm in a person who has experienced atrial fibrillation is likely to reduce the likelihood of an embolic event; low dosages of the drugs Digoxin and Quinidine have proven effective in maintaining a normal sinus rhythm in such persons; and, if a normal sinus rhythm is maintained, the chances of survival are increased. Dr. Fortuin also testified that, in retrospect, more could have been done for Mrs. Kroll. Specifically, she could have been anticoagulated when she experienced the recurrence of atrial fibrillation.

Plaintiff has also offered the deposition testimony of Dr. Colina who stated that Mrs. Kroll's problems were serious ones which required admission to Bethesda Naval Hospital. He also expressed the opinion that if Mrs. Kroll had been hospitalized on April 3, 1983, her chances for survival would have increased.

Viewing this evidence in the light most favorable to the plaintiff, as we would have to on a motion for summary judgment by defendant, this Court finds that plaintiff is able to offer sufficient, albeit meager, evidence to allow a jury reasonably to conclude that Bethesda Naval Hospital caused Mrs. Kroll to lose a substantial chance of survival. Dr. Colina virtually states this and parts of Dr. Fortuin's testimony support it. Consequently, this Court will not dismiss this claim at this stage of the litigation.

A separate order will be entered granting defendant's motion for summary judgment on the wrongful death count and denying the motion as to the survived action count as would be amended to add a claim for loss of a substantial chance of survival. The motion to amend will be granted and any further needs of discovery will be taken up with counsel separately.

### ORDER

For the reasons given in the Memorandum of this Court, it is this 9th day of September, 1988, ORDERED, by the United States District Court for the District of Maryland, that:

1. Defendant's motion for summary judgment on the wrongful death count is GRANTED;

2. Plaintiff's motion to amend to add a claim for loss of a substantial chance of survival is GRANTED;

3. Defendant's motion for summary judgment on the survived action both as filed and as amended is DENIED.